# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

PHILLIP J. TROYER,                         )
                                           )
    Plaintiff,                         )
                                           )
v.                                         )          No. 4:24-CV-0160-DGK
                                           )
DIRECTOR, MISSOURI DEPARTMENT              )
OF REVENUE,                                )
                                           )
COMMISSIONER OF REVENUE, CITY OF           )
KANSAS CITY, MISSOURI,                     )
                                           )
    Defendants.                        )

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This case arises from *pro se* Plaintiff Phillip J. Troyer's allegation that the City of Kansas City, Missouri's ("the City") earnings tax[1] is unconstitutional because it does not allow him to claim a credit for the full amount of income taxes he paid to the State of Kansas in 2019 and 2020. Troyer contends that this subjects a portion of his earned income in Kansas to double taxation in violation of the dormant Commerce Clause. He asks the Court declare Missouri is violating the dormant Commerce Clause by failing to require that it and its political subdivisions provide full credit for taxes its residents pay to other states on income earned in those states. He also asks the Court to bar the City from filing a lawsuit to collect additional taxes, interest, or penalties from him for tax years 2019 and 2020.

Now before the Court is Defendant Commissioner of Revenue for the City's Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 8. Defendant argues that the Tax

---

[1] Missouri law authorizes the City to impose an earnings tax under Rev. Stat. Mo. §§ 92.105–92.200. The City enforces its earnings tax through § 68-392 of KCMO's Code of Ordinances. Defendant Commissioner of Revenue for the City is responsible for enforcing the City's tax ordinances.

Injunction Act ("TIA"), 28 U.S.C. § 1341, deprives the Court of subject matter jurisdiction to hear this case.

The Court holds that because Plaintiff is seeking declaratory relief and an injunction barring a state entity from collecting taxes, the TIA precludes the Court from hearing this case. The motion is GRANTED. This case is dismissed without prejudice for lack of subject matter jurisdiction.

## Standard of Review

Under Rule 12(b)(1), a court must dismiss a complaint if it lacks subject-matter jurisdiction to hear a dispute. Fed. R. Civ. P. 12(b)(1); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In evaluating a 12(b)(1) motion, the court distinguishes "between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citation omitted). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (internal quotation omitted). "In a factual attack, the court considers matters outside the pleadings, and the nonmoving party does not have the benefit of 12(b)(6) safeguards." *Id.* (citations omitted). Here, the City brings a facial attack on jurisdiction.

## Analysis

The TIA provides that a district court "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. In short, the TIA limits the subject matter jurisdiction of lower federal courts to provide declaratory relief to litigants challenging state taxing systems. *See Diversified Ingredients, Inc. v. Testa*, 846 F.3d 994, 996

(8th Cir. 2017). "Congress enacted the TIA to 'transfer jurisdiction . . . to the state courts' to grant injunctive relief that could interfere with the State's power to assess, levy, and collect taxes." *Id.* (quoting *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 515 n.19 (1981)). The TIA applies to requests for declaratory relief. *Jefferson Cnty, Ala. v. Acker*, 527 U.S. 423, 433 (1999) ("Recognizing that there is little practical difference between an injunction and anticipatory relief in the form of a declaratory judgment, the [Supreme] Court has held that declaratory relief falls within the [TIA's] compass."). It also applies to challenges to local taxes brought in federal district courts. *See Hibbs v. Winn*, 542 U.S. 88, 100 n.1 (2004); *LaBorde v. City of Gahanna*, 946 F. Supp. 2d 725, 734–35 (S.D. Ohio 2013) (holding request to enjoin a city from using a tax form which allegedly resulted in the overpayment of municipal income taxes by understating the credit taxpayers were entitled to receive for income taxes paid to other municipalities was barred by the TIA).

Determining whether the TIA bars federal jurisdiction is a two-step analysis. *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Court must first determine whether the law in question imposes a tax. *Id.* If it does, then the Court must then determine whether the state court provides "a plain, speedy and efficient remedy." *Id.*

In this case, Plaintiff does not dispute that the law imposes a tax. Rather, he contends Missouri state courts do not provide a remedy which is either speedy or efficient, arguing they are unwilling to compel Defendants to comply with the relevant controlling Supreme Court decision on this subject, namely *Comptroller of the Treasury of Maryland v. Wynne*, 575 U.S.

542 (2015).[2]  He notes he previously raised this issue with respect to Defendant's collection of earnings tax from him for fiscal years 2016 to 2018, and the Missouri Court of Appeals for the Western District of Missouri rejected his claim.

This argument is unavailing.  A state court remedy is sufficient so long as it provides "certain minimal procedural criteria."  *Rosewell*, 450 U.S. at 512.  The state proceeding must provide "the taxpayer with a full hearing and judicial determination at which he or she may raise any and all objections to the tax."  *Burris v. City of Little Rock, Ark.*, 941 F.2d 717, 720 (8th Cir. 1991).  The TIA does not require a state to provide the best or the speediest remedy.  *Rosewell*, 450 U.S. at 520.  "As long as the taxpayer's federal rights receive full consideration, the remedy is adequate."  *Id*. at 514–15.  "[T]he likelihood of a plaintiff's success in state court is not a factor . . . when determining whether the jurisdictional prohibition of the TIA applies."  *Direct Mktg. Ass'n v. Brohl*, 735 F.3d 904, 917–18 (10th Cir. 2013) (cleaned up).

Consistent with the other federal courts that have ruled on this question, the Court holds Missouri courts provide an adequate remedy.   Mo. Rev. Stat. § 139.031 allows Missouri taxpayers to pay taxes under protest and file a statement setting forth the grounds on which the protest is based.  And, after a hearing before the Director of Revenue, if a Missouri taxpayer is still unsatisfied, he may commence an action against the tax collector in state circuit court, where he will receive a full judicial hearing in which he may raise constitutional objections to the tax. *See Coon v. Teasdale*, 567 F.2d 820, 822 (8th Cir. 1977) (holding a district court lacked subject matter jurisdiction under the TIA to hear a lawsuit challenging a Missouri foreclosure in federal court, observing "[c]onstitutional claims are as cognizable in state courts as in federal courts," and "state court judges are fully competent to handle them [and are] subject to Supreme Court

---

[2] In *Wynne*, the Supreme Court held that Maryland's income tax law—which taxed income earned outside the state but did not offer residents a full credit for income tax paid to other states—violates the dormant Commerce Clause. 575 U.S. at 545.

review").  Thus, for purposes of the TIA, Missouri courts provide "a plain, speedy and efficient remedy."

Defendant's motion is GRANTED.  This case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date:   June 10, 2024                          /s/ Greg Kays
                                               GREG KAYS, JUDGE
                                               UNITED STATES DISTRICT COURT